

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ASATOUR BAGHDASARIAN, Debtor, | No. 11-60053 BAP No. 10-1277 |
| ASATOUR BAGHDASARIAN, Appellant, v. SRT PARTNERS, LLC, Appellee. | MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Dunn, Markell, and Kirscher, Bankruptcy Judges, Presiding

Submitted December 17, 2013**

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Asatour Baghdasarian appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment dismissing as moot Baghdasarian's appeal from the bankruptcy court's grant of relief from stay, allowing SRT Partners to proceed with an unlawful detainer action after purchasing Baghdasarian's property in a foreclosure sale. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo a determination that an appeal from a bankruptcy court decision is moot. *Nat'l Mass Media Telecomm. Sys., Inc. v. Stanley (In re Nat'l Mass Media Telecomm. Sys., Inc.)*, 152 F.3d 1178, 1180 (9th Cir. 1998). We affirm.

The BAP properly dismissed the appeal as moot because the bankruptcy court had dismissed Baghdasarian's case and the property at issue had been sold to a non-party. *See Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 797-98 (9th Cir. 1999) ("If an action or a claim loses its character as a live controversy, then the action or claim becomes 'moot,' and we lack jurisdiction to resolve the underlying dispute."); *In re Nat'l Mass Media Telecomm. Sys., Inc.*, 152 F.3d at 1180 (sale of debtor's property to a non-party renders claims moot if debtor seeks only a return of his property).

SRT Partners's amended request to supplement the record on appeal, filed on December 6, 2012, is denied.

**AFFIRMED.**